FILED

2015 JAN 21  PM 4: 42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10              September 2014 Grand Jury

11  UNITED STATES OF AMERICA,        ED CR No. 15- 7 VAP

12          Plaintiff,               I N D I C T M E N T

13          v.                       [18 U.S.C. § 371: Conspiracy;
                                     18 U.S.C. § 669: Theft in
14  JOHN S. ROMERO,                  Connection with Health Care;
      aka "John Romero, Sr.,"        18 U.S.C. § 1001(a)(3): False
15  JOHN J. ROMERO,"                 Statement; 29 U.S.C. § 501(c):
      aka "John Romero, Jr.,"        Embezzlement and Theft of Labor
16  EVELYN ROMERO, and              Union Assets; 29 U.S.C. §§ 504(a),
    DANAE ROMERO,                    (b): Prohibition Against Certain
17                                   Persons Holding Office;
          Defendants.               18 U.S.C. § 2: Aiding and
18                                   Abetting]

19

20      The Grand Jury charges:

21              INTRODUCTORY ALLEGATIONS

22      At all times material to this Indictment:

23  A.   The United Industrial and Service Workers of America

24      1.   The United Industrial and Service Workers of America

25  ("UISWA"), also known as ("aka") "United Industrial Service Workers

26  of America Local 101," was a labor organization engaged in an

27  industry affecting interstate and foreign commerce within the meaning

28  of the Labor Management Reporting and Disclosure Act of 1959

1  ("LMRDA") and as defined in Title 29, United States Code, Sections

2  402(a)-(c), (i), and (j).

3      2.   Under LMDRA, UISWA was required to file with the United

4  States Department of Labor ("DOL") a Labor Organization Annual Report

5  ("Form LM-3").  The Form LM-3 discloses financial information (such

6  as assets, liabilities, receipts and disbursements) about labor

7  organizations that have total annual receipts of $10,000 or more, but

8  less than $250,000.

9      3.   Beginning no later than in or about January 2005 until in

10  or about March 2010, defendant JOHN S. ROMERO, also known as ("aka")

11  "John Romero, Sr." ("J.S. ROMERO"), was an officer and President of

12  the UISWA, and defendant JOHN J. ROMERO, aka "John Romero, Jr."

13  ("J.J. ROMERO"), was an officer and Secretary/Treasurer of the UISWA.

14      4.   Beginning no later than in or about March 2010 until in or

15  about June 2014, defendant EVEYLN ROMERO ("E. ROMERO") was an officer

16  and President of the UISWA.

17      5.   Beginning no later than in or about April 2010 until in or

18  about September 2014, defendant E. ROMERO was a signatory on Citibank

19  checking account number XXXXX0815, one of the UISWA's principal bank

20  accounts (the "UISWA Citibank Account"), and had possession of a

21  debit card that could be used to withdraw funds from the UISWA

22  Citibank Account.  During the time that defendant E. ROMERO was the

23  President of the UISWA, her responsibilities included, among others,

24  making withdrawals from the UISWA Citibank Account if those

25  withdrawals were authorized by the UISWA Board.

26      6.   From at least in or about March 2010 until in or about

27  September 2014, defendant E. ROMERO was a signatory on Provident Bank

28  checking account number XXXX0424, one of the UISWA's principal bank

accounts (the "UISWA Provident Bank Account").   During the time that defendant E. ROMERO was the President of the UISWA, her responsibilities included, among others, making withdrawals from the UISWA Provident Bank Account if those withdrawals were authorized by the UISWA Board.

B.   The UISWA Health and Welfare Plan

7.   The UISWA participated in a labor-management joint board of trustees to sponsor a welfare benefit plan to provide health-related benefits to UISWA members and their beneficiaries (the "UISWA Health and Welfare Plan").   According to the trust agreement (the "UISWA Health and Welfare Trust Agreement"), the UISWA Health and Welfare Plan is covered by the Employee Retirement Income Security Act of 1974 ("ERISA").

8.   Under ERISA, welfare and benefit plans are subject to filing annual reports ("Form 5500") with the DOL, which includes a financial statement.

9.   According to the UISWA Health and Welfare Trust Agreement, the board of trustees was required to prepare, or cause to be prepared, a Form 5500, including a Financial Statement and Actuarial Statement, and furnish such documents to the DOL.

10.   According to the UISWA Health and Welfare Trust Agreement, the board of trustees was required to annually engage an independent qualified public accountant for the purposes of conducting an audit of the UISWA Health and Welfare Trust Fund.

C.   The UISWA Health and Welfare Trust Agreement and Trust Fund

11.   According to the UISWA Health and Welfare Trust Agreement, the UISWA Health and Welfare Trust was established solely for the purpose of providing various health and welfare benefits, including

1   life insurance, health insurance, accident insurance, hospital

2   benefits, surgical benefits, medical benefits, dental benefits, and

3   vision benefits.

4       12.   According to the UISWA Health and Welfare Trust Agreement,

5   it was prohibited that any funds contributed to the UISWA Health and

6   Welfare Trust Fund be used for, or diverted to, purposes other than

7   the exclusive benefit of participants and their beneficiaries.

8       13.   The UISWA Health and Welfare Trust Agreement required that

9   the board of trustees be comprised of one UISWA-designated trustee

10  and one employer-designated trustee.

11      14.   Under ERISA Section 404, fiduciaries of benefit plans,

12  including welfare benefit plans, such as discretionary trustees, are

13  required to: (1) discharge their duties with respect to a benefit

14  plan solely in the interest of the participants and beneficiaries,

15  and for the exclusive purpose of providing benefits to participants

16  and their beneficiaries; (2) defray reasonable expenses of

17  administering the benefit plan; and (3) act in accordance with the

18  documents and instruments governing the benefit plan.

19      15.   Under ERISA Section 406, fiduciaries of benefit plans are

20  prohibited from: (1) dealing with the assets of the plan in their own

21  interest or for their own account; (2) acting in any transaction

22  involving the plan on behalf of a party, or representing a party,

23  whose interests are adverse to the interests of the plan or the

24  interests of its participants and beneficiaries; or (3) receiving any

25  consideration for their own personal account from any party dealing

26  with such plan in connection with a transaction involving the assets

27  of the plan.

28

16.   Under ERISA, trustees who receive full-time pay from an employer, association of employers, or an employee organization such as UISWA, are only entitled to receive reimbursement from a benefit plan for expenses that are properly and actually incurred.

17.   The UISWA Health and Welfare Trust Agreement established a trust fund (the "UISWA Health and Welfare Trust Fund") to receive deposits from, or on behalf of, UISWA Health Plan participants.   The UISWA Health and Welfare Trust was completely funded by health care contributions made by, or on behalf of, UISWA Health Plan participants

18.   According to the UISWA Health and Welfare Trust Agreement, the board of trustees had the authority to establish reserve funds necessary to provide for the payment of expenses or other obligations of the UISWA Health and Welfare Trust Fund.

COUNT ONE

[18 U.S.C. § 371]

19.   The Grand Jury hereby realleges and incorporates by reference paragraphs one through eighteen of this Indictment as though fully set forth herein.

A.   OBJECT OF THE CONSPIRACY

20.   Beginning on an unknown date, and continuing to on or about September 12, 2014, in Riverside, San Bernardino, and Los Angeles Counties, within the Central District of California, and elsewhere, defendants JOHN S. ROMERO, also known as ("aka") "John Romero, Sr." ("J.S. ROMERO"), JOHN J. ROMERO, aka "John Romero, Jr." ("J.J. ROMERO"), EVELYN ROMERO ("E. ROMERO"), and DANAE ROMERO ("D. ROMERO"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit theft or embezzlement in connection with health care, in violation of Title 18, United States Code, Section 669.

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
     ACCOMPLISHED

21.   The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

     a.   Defendant J.S. ROMERO acted as President of the UISWA, and the one UISWA-designated trustee for the UISWA Health and Welfare Trust.

     b.   Defendant J.S. ROMERO would appoint P.W., an insurance broker who did not represent any of the employers whose employees have collective bargaining agreements with the UISWA, as the one employer-designated trustee for the UISWA Health and Welfare Trust.

c.     Defendant J.S. ROMERO would appoint S.D and K.D. as the UISWA Health Plan's third party administrators who had authority to disburse funds from the UISWA Health and Welfare Trust.

d.     Defendant J.S. ROMERO would order S.D. and K.D. to disburse funds from the UISWA Health and Welfare Trust to, or for the benefit of, defendant J.S. ROMERO while concealing many of these disbursements from P.W.

e.     Defendant J.J. ROMERO, the Secretary-Treasurer of the UISWA, would complete paperwork with a payroll processing company indicating that the UISWA Health and Welfare Trust Account was the Doing Business As ("DBA") Name for the legally-named entity known as the United Service Workers of America ("USWA"), which was a labor organization that terminated operations effective May 31, 2005, and for which J.S. ROMERO was President.

f.     Defendant J.J. ROMERO, the Secretary-Treasurer of the UISWA, would establish, through a payroll processing company, an automatic debit of the UISWA Health and Welfare Trust for bi-weekly payroll disbursements to individuals named on the USWA's payroll account, including himself, defendant J.S. ROMERO, and defendant D. ROMERO, who were not employees of the UISWA Health Plan, or with respect to himself and D. ROMERO, were not trustees of the UISWA Health and Welfare Trust.

g.     Defendants J.S. ROMERO, E. ROMERO, and D. ROMERO would form and manage Interprise Management Properties, LLC ("IMP"), a Nevada-based limited liability company, and would transfer to IMP real estate property held by defendants J.S. ROMERO and E. ROMERO, including a building located in Maywood, California (the "Maywood

1  Building"), and the building that served as the UISWA's union

2  headquarters located in Colton, California (the "Colton Building").

3        h.   Defendant J.S. ROMERO directed that recurring payments

4  be made from the UISWA Health and Welfare Trust Fund to IMP as rent

5  for the Maywood Building, even though the Maywood Building was

6  actually being used and leased to parties unaffiliated with the UISWA

7  Health and Welfare Trust, who were using it for purposes unrelated to

8  the administration and/or operation of the UISWA Health and Welfare

9  Trust, including a community food bank, and karate instructional

10  space.  Defendants E. ROMERO and D. ROMERO, each acting as Assistant

11  Managers of IMP, would accept these recurring payments on behalf of

12  IMP.

13        i.   Defendant J.S. ROMERO directed that recurring payments

14  be made from the UISWA Health and Welfare Trust Fund to IMP as rent

15  for the Colton Building, which was the UISWA headquarters, and was

16  not the location from which the UISWA Health and Welfare Trust was

17  administered.  Defendants E. ROMERO and D. ROMERO, each acting as

18  Assistant Managers of IMP, would accept these recurring payments on

19  behalf of IMP.

20        j.   Defendant E. ROMERO, acting as Trustee of the UISWA

21  Health and Welfare Trust, and signatory to the UISWA Health and

22  Welfare Trust's Reserve Fund ("Reserve Fund"), and defendant D.

23  ROMERO, acting as co-signatory to the Reserve Fund, would write

24  recurring checks to IMP from the Reserve Fund for rent for the Colton

25  Building, which was the UISWA union headquarters, and was not the

26  location from which the UISWA Health Plan was administered.

27

28

C.    OVERT ACTS

22.    In furtherance of the conspiracy, and to accomplish the object of the conspiracy, on or about the following dates, defendants J.S. ROMERO, J.J. ROMERO, E. ROMERO, and D. ROMERO, together with others known and unknown to the Grand Jury, committed the following overt acts, among others, within the Central District of California, and elsewhere:

Overt Act No. 1:    On or about September 1, 2004, defendant J.S. ROMERO established the UISWA Health and Welfare Trust.

Overt Act No. 2:    In or about 2004, defendant J.S. ROMERO hired G.M. as the third-party administrator of the UISWA Health and Welfare Trust Fund.

Overt Act No. 3:    On or about January 1, 2005, defendant J.S. ROMERO became president of the UISWA and defendant J.J. ROMERO became secretary-treasurer of the UISWA.

Overt Act No. 4:    On February 8, 2005, defendants J.S. ROMERO and E. ROMERO formed IMP as manager-members of the company.

Overt Act No. 5:    Between January 4 and January 6, 2006, defendant J.J. ROMERO, without being a trustee or having any discretionary authority over the management or disposition of the moneys, funds, or assets of the UISWA Health and Welfare Trust Fund, established a bi-weekly debit from the UISWA Health and Welfare Trust Fund to make payments to individuals associated with a defunct labor organization.

Overt Act No. 6:    In or about February 2006, defendant J.S. ROMERO filed a document with the Secretary of the State of Nevada that listed himself, defendant E. ROMERO, and defendant D. ROMERO as manager-members of IMP.

1    Overt Act No. 7:    On February 4, 2006, defendants J.S. ROMERO,
2  E. ROMERO, and D. ROMERO established Bank of America account number
3  XXXXXXXX4873, to receive rental payments disbursed out of the UISWA
4  Health and Welfare Trust Fund for IMP-controlled properties that were
5  being used for purposes other than operating and administering the
6  UISWA Health Plan.

7    Overt Act No. 8:    On or about July 9, 2007, defendant D.
8  ROMERO, acting as the assistant manager of IMP, signed a lease with
9  P.W., acting as the employer-designated Trustee for the UISWA Health
10 and Welfare Trust, to lease an IMP-owned building located in Maywood,
11 California (the "Maywood Building"), for $2,000 per month.

12   Overt Act No. 9:    On or about July 9, 2007, defendant D.
13 ROMERO, acting as the assistant manager of IMP, signed a lease with
14 P.W., acting as a Trustee for the UISWA Health and Welfare Trust, to
15 lease an IMP-owned building located in Colton, California (the
16 "Colton Building"), for $3,000 per month.

17   Overt Act No. 10:    On or about January 9, 2008, defendant D.
18 ROMERO, despite having no position of employment with the management
19 of the UISWA Health and Welfare Trust, received $900 that was debited
20 from the UISWA Health and Welfare Trust Fund as a salary at defendant
21 J.J. ROMERO's direction.

22   Overt Act No. 11:    On or about January 23, 2008, defendant D.
23 ROMERO, despite having no position of employment with the management
24 of the UISWA Health and Welfare Trust, received $900 that was debited
25 from the UISWA Health and Welfare Trust Fund as a salary at defendant
26 J.J. ROMERO's direction.

27   Overt Act No. 12:    On or about February 8, 2008, defendant D.
28 ROMERO, despite having no position of employment with the management

1   of the UISWA Health and Welfare Trust, received $900 that was debited

2   from the UISWA Health and Welfare Trust Fund as a salary at defendant

3   J.J. ROMERO's direction.

4        Overt Act No. 13:   On or about February 22, 2008, defendant D.

5   ROMERO, despite having no position of employment with the management

6   of the UISWA Health and Welfare Trust, received $900 that was debited

7   from the UISWA Health and Welfare Trust Fund as a salary at defendant

8   J.J. ROMERO's direction.

9        Overt Act No. 14:   On or about March 7, 2008, defendant D.

10   ROMERO, despite having no position of employment with the management

11   of the UISWA Health and Welfare Trust, received $900 that was debited

12   from the UISWA Health and Welfare Trust Fund as a salary at defendant

13   J.J. ROMERO's direction.

14        Overt Act No. 15:   On or about March 21, 2008, defendant D.

15   ROMERO, despite having no position of employment with the management

16   of the UISWA Health and Welfare Trust, received $900 that was debited

17   from the UISWA Health and Welfare Trust Fund as a salary at defendant

18   J.J. ROMERO's direction.

19        Overt Act No. 16:   On or about April 9, 2008, defendant D.

20   ROMERO, despite having no position of employment with the management

21   of the UISWA Health and Welfare Trust, received $900 that was debited

22   from the UISWA Health and Welfare Trust Fund as a salary at defendant

23   J.J. ROMERO's direction.

24        Overt Act No. 17:   On or about April 1, 2008, defendant J.S.

25   ROMERO notified G.M. that he was to be terminated as the third-party

26   administrator of the UISWA Health and Welfare Trust Fund, and that

27   National Benefit Services ("NBS"), an entity operated by S.D. and

28   K.D., was to replace G.M.

1    Overt Act No. 18:   On or about April 3, 2008, Dale
2    Construction, Inc., a corporation controlled by S.D., established and
3    registered the fictitious business name "National Benefit Services"
4    through which S.D. and K.D. administered the UISWA Health and Welfare
5    Trust Fund, which included opening bank accounts in the name of "Dale
6    Construction, Inc." with checks bearing the name "National Benefit
7    Services".

8    Overt Act No. 19:   On or about April 14, 2008, S.D. established
9    bank accounts to administer the UISWA Health and Welfare Trust Fund,
10   which were titled to Dale Construction, Inc. and had checks printed
11   with the name "National Benefit Services".

12   Overt Act No. 20:   On or about April 24, 2008, defendant D.
13   ROMERO, despite having no position of employment with the management
14   of the UISWA Health and Welfare Trust, received $900 that was debited
15   from the UISWA Health and Welfare Trust Fund as a salary at defendant
16   J.J. ROMERO's direction.

17   Overt Act No. 21:   On or about April 30, 2008, defendant J.S.
18   ROMERO directed G.M. to transfer the balance of the UISWA Health and
19   Welfare Trust to K.D., and to close the existing bank account of the
20   UISWA Health and Welfare Trust Fund.

21   Overt Act No. 22:   On or about April 30 2008, K.D. deposited a
22   $600,982.07 check he received from G.M. into an NBS bank account
23   ("NBS's account") that S.D. and K.D. treated as the UISWA Health and
24   Welfare Trust Fund.

25   Overt Act No. 23:   On or about May 5, 2008, defendant J.J.
26   ROMERO, without being a Trustee or having any discretionary authority
27   over the management or disposition of the moneys, funds, or assets of
28   the UISWA Health and Welfare Trust Fund, transferred the bi-weekly

1   debit for the USWA's payroll, to the UISWA Health and Welfare Trust
2   Fund account established by S.D. and K.D.

3      Overt Act No. 24:   On or about May 9, 2008, defendant D.
4   ROMERO, despite having no position of employment with the management
5   of the UISWA Health and Welfare Trust, received $900 that was debited
6   from the UISWA Health and Welfare Trust Fund as a salary at defendant
7   J.J. ROMERO's direction.

8      Overt Act No. 25:   On or about May 23, 2008, defendant D.
9   ROMERO, despite having no position of employment with the management
10  of the UISWA Health and Welfare Trust, received $900 that was debited
11  from the UISWA Health and Welfare Trust Fund as a salary at defendant
12  J.J. ROMERO's direction.

13     Overt Act No. 26:   On or about June 2, 2008, defendant J.S.
14  ROMERO directed a $2,000 payment from the UISWA Health and Welfare
15  Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
16  ROMERO, and D. ROMERO, as rent for the Maywood Building.

17     Overt Act No. 27:   On or about June 2, 2008, defendant J.S.
18  ROMERO directed a $3,000 payment from the UISWA Health and Welfare
19  Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
20  ROMERO, and D. ROMERO, as rent for the Colton Building.

21     Overt Act No. 28:   On or about June 9, 2008, defendant D.
22  ROMERO, despite having no position of employment with the management
23  of the UISWA Health and Welfare Trust, received $900 that was debited
24  from the UISWA Health and Welfare Trust Fund as a salary at defendant
25  J.J. ROMERO's direction.

26     Overt Act No. 29:   On or about June 16, 2008, at defendant J.S.
27  ROMERO's direction, S.D. disbursed approximately $25,048.55 from the

28

1  UISWA Health and Welfare Trust to satisfy the remaining balance on
2  J.J. ROMERO's car loan.

3     Overt Act No. 30:   On or about June 23, 2008, defendant J.J.
4  ROMERO, despite having no position of employment with the management
5  of the UISWA Health and Welfare Trust, received $2,250 that was
6  debited from the UISWA Health and Welfare Trust Fund as a salary at
7  defendant J.J. ROMERO's direction.

8     Overt Act No. 31:   On or about June 23, 2008, defendant D.
9  ROMERO, despite having no position of employment with the management
10 of the UISWA Health and Welfare Trust, received $900 that was debited
11 from the UISWA Health and Welfare Trust Fund as a salary at defendant
12 J.J. ROMERO's direction.

13    Overt Act No. 32:   On or about July 1, 2008, defendant J.S.
14 ROMERO directed a $2,000 payment from the UISWA Health and Welfare
15 Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
16 ROMERO, and D. ROMERO, as rent for the Maywood Building.

17    Overt Act No. 33:   On or about July 1, 2008, defendant J.S.
18 ROMERO directed a $3,000 payment from the UISWA Health and Welfare
19 Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
20 ROMERO, and D. ROMERO, as rent for the Colton Building.

21    Overt Act No. 34:   On or about July 9, 2008, defendant D.
22 ROMERO, despite having no position of employment with the management
23 of the UISWA Health and Welfare Trust, received $900 that was debited
24 from the UISWA Health and Welfare Trust Fund as a salary at defendant
25 J.J. ROMERO's direction.

26    Overt Act No. 35:   On or about July 23, 2008, defendant D.
27 ROMERO, despite having no position of employment with the management
28 of the UISWA Health and Welfare Trust, received $900 that was debited

1   from the UISWA Health and Welfare Trust Fund as a salary at defendant
2   J.J. ROMERO's direction.

3       Overt Act No. 36:   On or about July 31, 2008, defendant J.S.
4   ROMERO directed a $2,000 payment from the UISWA Health and Welfare
5   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
6   ROMERO, and D. ROMERO, as rent for the Maywood Building.

7       Overt Act No. 37:   On or about July 31, 2008, defendant J.S.
8   ROMERO directed a $3,000 payment from the UISWA Health and Welfare
9   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
10  ROMERO, and D. ROMERO, as rent for the Colton Building.

11      Overt Act No. 38:   On or about August 8, 2008, defendant D.
12  ROMERO, despite having no position of employment with the management
13  of the UISWA Health and Welfare Trust, received $900 that was debited
14  from the UISWA Health and Welfare Trust Fund as a salary at defendant
15  J.J. ROMERO's direction.

16      Overt Act No. 39:   On or about August 2, 2008, defendant D.
17  ROMERO, despite having no position of employment with the management
18  of the UISWA Health and Welfare Trust, received $900 that was debited
19  from the UISWA Health and Welfare Trust Fund as a salary at defendant
20  J.J. ROMERO's direction.

21      Overt Act No. 40:   On or about August 25, 2008, at defendant
22  J.S. ROMERO's direction, and without P.W.'s consent as the employer-
23  designated trustee to the UISWA Health and Welfare Trust, and in
24  violation of a U.S. District Court order, K.D. disbursed
25  approximately $110,000 from the UISWA Health and Welfare Trust to
26  satisfy a judgment against defendants J.S. ROMERO and J.J. ROMERO in
27  a legal matter unrelated to the UISWA Health and Welfare Plan.

28

1    Overt Act No. 41:   On or about September 2, 2008, defendant

2   J.S. ROMERO directed a $2,000 payment from the UISWA Health and

3   Welfare Trust Fund to IMP, which was managed by defendants J.S.

4   ROMERO, E. ROMERO, and D. ROMERO, as rent for the Maywood Building.

5    Overt Act No. 42:   On or about September 2, 2008, defendant

6   J.S. ROMERO directed a $3,000 payment from the UISWA Health and

7   Welfare Trust Fund to IMP, which was managed by defendants J.S.

8   ROMERO, E. ROMERO, and D. ROMERO, as rent for the Colton Building.

9    Overt Act No. 43:   On or about September 8, 2008, defendant D.

10   ROMERO, despite having no position of employment with the management

11   of the UISWA Health and Welfare Trust, received $900 that was debited

12   from the UISWA Health and Welfare Trust Fund as a salary at defendant

13   J.J. ROMERO's direction.

14    Overt Act No. 44:   On or about September 23, 2008, defendant D.

15   ROMERO, despite having no position of employment with the management

16   of the UISWA Health and Welfare Trust, received $900 that was debited

17   from the UISWA Health and Welfare Trust Fund as a salary at defendant

18   J.J. ROMERO's direction.

19    Overt Act No. 45:   On or about October 6, 2008, defendant J.S.

20   ROMERO directed a $2,000 payment from the UISWA Health and Welfare

21   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.

22   ROMERO, and D. ROMERO, as rent for the Maywood Building.

23    Overt Act No. 46:   On or about October 6, 2008, defendant J.S.

24   ROMERO directed a $3,000 payment from the UISWA Health and Welfare

25   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.

26   ROMERO, and D. ROMERO, as rent for the Colton Building.

27    Overt Act No. 47:   On or about November 3, 2008, defendant J.S.

28   ROMERO directed a $2,000 payment from the UISWA Health and Welfare

1   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.

2   ROMERO, and D. ROMERO, as rent for the Maywood Building.

3       Overt Act No. 48:   On or about November 3, 2008, defendant J.S.

4   ROMERO directed a $3,000 payment from the UISWA Health and Welfare

5   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.

6   ROMERO, and D. ROMERO, as rent for the Colton Building.

7       Overt Act No. 49:   On December 2, 2008, defendant J.S. ROMERO

8   directed a $2,000 payment from the UISWA Health and Welfare Trust

9   Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

10   and D. ROMERO, as rent for the Maywood Building.

11       Overt Act No. 50:   On December 2, 2008, defendant J.S. ROMERO

12   directed a $3,000 payment from the UISWA Health and Welfare Trust

13   Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

14   and D. ROMERO, as rent for the Colton Building.

15       Overt Act No. 51:   On December 30, 2008, defendant J.S. ROMERO

16   directed a $2,000 payment from the UISWA Health and Welfare Trust

17   Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

18   and D. ROMERO, as rent for the Maywood Building.

19       Overt Act No. 52:   On December 30, 2008, defendant J.S. ROMERO

20   directed a $3,000 payment from the UISWA Health and Welfare Trust

21   Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

22   and D. ROMERO, as rent for the Colton Building.

23       Overt Act No. 53:   On January 30, 2009, defendant J.S. ROMERO

24   directed a $2,000 payment from the UISWA Health and Welfare Trust

25   Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

26   and D. ROMERO, as rent for the Maywood Building.

27       Overt Act No. 54:   On January 30, 2009, defendant J.S. ROMERO

28   directed a $3,000 payment from the UISWA Health and Welfare Trust

1  Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

2  and D. ROMERO, as rent for the Colton Building.

3      Overt Act No. 55:   On March 2, 2009, defendant J.S. ROMERO

4  directed a $2,000 payment from the UISWA Health and Welfare Trust

5  Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

6  and D. ROMERO, as rent for the Maywood Building.

7      Overt Act No. 56:   On March 31, 2009, defendant J.S. ROMERO

8  directed a $2,000 payment from the UISWA Health and Welfare Trust

9  Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

10  and D. ROMERO, as rent for the Maywood Building.

11      Overt Act No. 57:   On March 31, 2009, defendant J.S. ROMERO

12  directed a $3,000 payment from the UISWA Health and Welfare Trust

13  Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,

14  and D. ROMERO, as rent for the Colton Building.

15      Overt Act No. 58:   On or about April 9, 2009, defendant J.J.

16  ROMERO, despite having no position of employment with the management

17  of the UISWA Health and Welfare Trust, received $2,250 that was

18  debited from the UISWA Health and Welfare Trust Fund as a salary at

19  defendant J.J. ROMERO's direction.

20      Overt Act No. 59:   On or about April 9, 2009, defendant D.

21  ROMERO, despite having no position of employment with the management

22  of the UISWA Health and Welfare Trust, received $900 that was debited

23  from the UISWA Health and Welfare Trust Fund as a salary at defendant

24  J.J. ROMERO's direction.

25      Overt Act No. 60:   On or about April 22, 2009, defendant J.J.

26  ROMERO, despite having no position of employment with the management

27  of the UISWA Health and Welfare Trust, received $2,250 that was

28

debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 61:   On or about April 22, 2009, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $900 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 62:   On April 29, 2009, defendant J.S. ROMERO directed a $2,000 payment from the UISWA Health and Welfare Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, as rent for the Maywood Building.

Overt Act No. 63:   On April 29, 2009, defendant J.S. ROMERO directed a $3,000 payment from the UISWA Health and Welfare Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, as rent for the Colton Building.

Overt Act No. 64:   On or about May 7, 2009, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,250 that was debited from the UISWA Health and Welfare Trust Fund as a salary.

Overt Act No. 65:   On or about May 7, 2009, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $900 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 66:   On or about May 22, 2009, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,250 that was

1  debited from the UISWA Health and Welfare Trust Fund as a salary at
2  defendant J.J. ROMERO's direction.

3      Overt Act No. 67:   On or about May 22, 2009, defendant D.
4  ROMERO, despite having no position of employment with the management
5  of the UISWA Health and Welfare Trust, received $900 that was debited
6  from the UISWA Health and Welfare Trust Fund as a salary at defendant
7  J.J. ROMERO's direction.

8      Overt Act No. 68:   On May 29, 2009, defendant J.S. ROMERO
9  directed a $2,000 payment from the UISWA Health and Welfare Trust
10  Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,
11  and D. ROMERO, as rent for the Maywood Building.

12      Overt Act No. 69:   On May 29, 2009, defendant J.S. ROMERO
13  directed a $3,000 payment from the UISWA Health and Welfare Trust
14  Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,
15  and D. ROMERO, as rent for the Colton Building.

16      Overt Act No. 70:   On or about June 7, 2009, defendant J.J.
17  ROMERO, despite having no position of employment with the management
18  of the UISWA Health and Welfare Trust, received $2,500 that was
19  debited from the UISWA Health and Welfare Trust Fund as a salary at
20  defendant J.J. ROMERO's direction.

21      Overt Act No. 71:   On or about June 7, 2009, defendant D.
22  ROMERO, despite having no position of employment with the management
23  of the UISWA Health and Welfare Trust, received $900 that was debited
24  from the UISWA Health and Welfare Trust Fund as a salary at defendant
25  J.J. ROMERO's direction.

26      Overt Act No. 72:   On or about June 15, 2009, at defendant J.S.
27  ROMERO's direction, and without P.W.'s consent as the employer-
28  designated trustee to the UISWA Health and Welfare Trust, K.D.

20

1  disbursed $40,000 from the UISWA Health and Welfare Trust Fund to pay
2  for two criminal defense attorneys that represented defendants J.S.
3  ROMERO and J.J. ROMERO in a criminal matter unrelated to the UISWA
4  Health and Welfare Plan.

5     Overt Act No. 73:   On or about June 19, 2009; defendant J.J.
6  ROMERO, despite having no position of employment with the management
7  of the UISWA Health and Welfare Trust, received $2,500 that was
8  debited from the UISWA Health and Welfare Trust Fund as a salary at
9  defendant J.J. ROMERO's direction.

10     Overt Act No. 74:   On or about June 19, 2009, defendant D.
11  ROMERO, despite having no position of employment with the management
12  of the UISWA Health and Welfare Trust, received $900 that was debited
13  from the UISWA Health and Welfare Trust Fund as a salary at defendant
14  J.J. ROMERO's direction.

15     Overt Act No. 75:   On June 26, 2009, defendant J.S. ROMERO
16  directed a $2,000 payment from the UISWA Health and Welfare Trust
17  Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO,
18  and D. ROMERO, as rent for the Maywood Building.

19     Overt Act No. 76:   On or about June 26, 2009, defendant J.S.
20  ROMERO directed a $3,000 payment from the UISWA Health and Welfare
21  Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
22  ROMERO, and D. ROMERO, as rent for the Colton Building.

23     Overt Act No. 77:   On or about July 7, 2009, defendant J.J.
24  ROMERO, despite having no position of employment with the management
25  of the UISWA Health and Welfare Trust, received $2,500 that was
26  debited from the UISWA Health and Welfare Trust Fund as a salary at
27  defendant J.J. ROMERO's direction.

28

1    Overt Act No. 78:   On or about July 7, 2009, defendant D.
2    ROMERO, despite having no position of employment with the management
3    of the UISWA Health and Welfare Trust, received $900 that was debited
4    from the UISWA Health and Welfare Trust Fund as a salary at defendant
5    J.J. ROMERO's direction.

6    Overt Act No. 79:   On or about July 22, 2009, defendant J.J.
7    ROMERO, despite having no position of employment with the management
8    of the UISWA Health and Welfare Trust, received $2,500 that was
9    debited from the UISWA Health and Welfare Trust Fund as a salary at
10   defendant J.J. ROMERO's direction.

11   Overt Act No. 80:   On or about July 22, 2009, defendant D.
12   ROMERO, despite having no position of employment with the management
13   of the UISWA Health and Welfare Trust, received $900 that was debited
14   from the UISWA Health and Welfare Trust Fund as a salary at defendant
15   J.J. ROMERO's direction.

16   Overt Act No. 81:   On or about July 30, 2009, defendant J.S.
17   ROMERO directed a $2,000 payment from the UISWA Health and Welfare
18   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
19   ROMERO, and D. ROMERO, as rent for the Maywood Building.

20   Overt Act No. 82:   On or about July 30, 2009, defendant J.S.
21   ROMERO directed a $3,000 payment from the UISWA Health and Welfare
22   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
23   ROMERO, and D. ROMERO, as rent for the Colton Building.

24   Overt Act No. 83:   On or about August 7, 2009, defendant J.J.
25   ROMERO, despite having no position of employment with the management
26   of the UISWA Health and Welfare Trust, received $2,500 that was
27   debited from the UISWA Health and Welfare Trust Fund as a salary at
28   defendant J.J. ROMERO's direction.

Overt Act No. 84:   On or about August 7, 2009, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $900 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 85:   On or about August 7, 2009, defendants J.S. ROMERO, J.J. ROMERO, and E. ROMERO, as well as three other members of the UISWA Executive Board, elected defendant E. ROMERO as president of the UISWA, defendant D. ROMERO as a trustee of the UISWA, and Raymond Romero as Secretary/Treasurer of the UISWA.

Overt Act No. 86:   On or about August 21, 2009, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,500 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 87:   On or about August 21, 2009, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $900 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 88:   On or about August 31, 2009, defendant E. ROMERO directed a $2,000 payment from the UISWA Health and Welfare Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, as rent for the Maywood Building.

Overt Act No. 89:   On or about August 31, 2009, defendant E. ROMERO directed a $3,000 payment from the UISWA Health and Welfare Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, as rent for the Colton Building.

Overt Act No. 90:   On or about September 9, 2009, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,500 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 91:   On or about September 24, 2009, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,500 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 92:   On or about September 24, 2009, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $900 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 93:   On or about September 29, 2009, defendant E. ROMERO directed a $2,000 payment from the UISWA Health and Welfare Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, as rent for the Maywood Building.

Overt Act No. 94:   On or about September 29, 2009, defendant E. ROMERO directed a $3,000 payment from the UISWA Health and Welfare Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, as rent for the Colton Building.

Overt Act No. 95:   On or about October 8, 2009, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,500 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

1    Overt Act No. 96:   On or about October 8, 2009, defendant D.
2    ROMERO, despite having no position of employment with the management
3    of the UISWA Health and Welfare Trust, received $900 that was debited
4    from the UISWA Health and Welfare Trust Fund as a salary at defendant
5    J.J. ROMERO's direction.

6    Overt Act No. 97:   On or about October 15, 2009, defendant E.
7    ROMERO, despite having no position of employment with the management
8    of the UISWA Health and Welfare Trust, received $5,000 from the UISWA
9    Health and Welfare Trust Fund as a salary.

10   Overt Act No. 98:   On or about October 23, 2009, defendant J.J.
11   ROMERO, despite having no position of employment with the management
12   of the UISWA Health and Welfare Trust, received $2,500 that was
13   debited from the UISWA Health and Welfare Trust Fund as a salary at
14   defendant J.J. ROMERO's direction.

15   Overt Act No. 99:   On or about October 23, 2009, defendant D.
16   ROMERO, despite having no position of employment with the management
17   of the UISWA Health and Welfare Trust, received $900 that was debited
18   from the UISWA Health and Welfare Trust Fund as a salary at defendant
19   J.J. ROMERO's direction.

20   Overt Act No. 100:   On or about October 30, 2009, defendant E.
21   ROMERO directed a $2,000 payment from the UISWA Health and Welfare
22   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
23   ROMERO, and D. ROMERO, as rent for the Maywood Building.

24   Overt Act No. 101:   On or about October 30, 2009, defendant E.
25   ROMERO directed a $3,000 payment from the UISWA Health and Welfare
26   Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
27   ROMERO, and D. ROMERO, as rent for the Colton Building.

28

1   <u>Overt Act No. 102:</u>  On or about November 6, 2009, defendant J.J.
2   ROMERO, despite having no position of employment with the management
3   of the UISWA Health and Welfare Trust, received $2,500 that was
4   debited from the UISWA Health and Welfare Trust Fund as a salary at
5   defendant J.J. ROMERO's direction.

6   <u>Overt Act No. 103:</u>  On or about November 6, 2009, defendant D.
7   ROMERO, despite having no position of employment with the management
8   of the UISWA Health and Welfare Trust, received $900 that was debited
9   from the UISWA Health and Welfare Trust Fund as a salary at defendant
10  J.J. ROMERO's direction.

11  <u>Overt Act No. 104:</u>  On or about November 16, 2009, defendant E.
12  ROMERO, despite having no position of employment with the management
13  of the UISWA Health and Welfare Trust, received $5,000 from the UISWA
14  Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's
15  direction.

16  <u>Overt Act No. 105:</u>  On or about November 24, 2009, defendant
17  J.J. ROMERO, despite having no position of employment with the
18  management of the UISWA Health and Welfare Trust, received $2,500
19  that was debited from the UISWA Health and Welfare Trust Fund as a
20  salary at defendant J.J. ROMERO's direction.

21  <u>Overt Act No. 106:</u>  On or about November 30, 2009, defendant E.
22  ROMERO directed a $3,000 payment from the UISWA Health and Welfare
23  Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.
24  ROMERO, and D. ROMERO, as rent for the Colton Building.

25  <u>Overt Act No. 107:</u>  On or about December 7, 2009, defendant J.J.
26  ROMERO, despite having no position of employment with the management
27  of the UISWA Health and Welfare Trust, received $2,500 that was

28

1   debited from the UISWA Health and Welfare Trust Fund as a salary at

2   defendant J.J. ROMERO's direction.

3       Overt Act No. 108:   On or about December 14, 2009, defendant E.

4   ROMERO, despite having no position of employment with the management

5   of the UISWA Health and Welfare Trust, received $5,000 from the UISWA

6   Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's

7   direction.

8       Overt Act No. 109:   On or about December 22, 2009, defendant

9   J.J. ROMERO, despite having no position of employment with the

10  management of the UISWA Health and Welfare Trust, received $2,500

11  that was debited from the UISWA Health and Welfare Trust Fund as a

12  salary at defendant J.J. ROMERO's direction.

13      Overt Act No. 110:   On or about December 29, 2009, defendant E.

14  ROMERO directed a $3,000 payment from the UISWA Health and Welfare

15  Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E.

16  ROMERO, and D. ROMERO, as rent for the Colton Building.

17      Overt Act No. 111:   On or about January 8, 2010, defendant J.J.

18  ROMERO, despite having no position of employment with the management

19  of the UISWA Health and Welfare Trust, received $2,500 that was

20  debited from the UISWA Health and Welfare Trust Fund as a salary at

21  defendant J.J. ROMERO's direction.

22      Overt Act No. 112:   On or about January 22, 2010, defendant J.J.

23  ROMERO, despite having no position of employment with the management

24  of the UISWA Health and Welfare Trust, received $2,500 that was

25  debited from the UISWA Health and Welfare Trust Fund as a salary at

26  defendant J.J. ROMERO's direction.

27      Overt Act No. 113:   On or about January 28, 2010, defendant J.S.

28  ROMERO, in a letter written to Provident Bank, removed himself as a

signatory on all UISWA bank accounts at Provident Bank and authorized defendant E. ROMERO to become a signatory on all such UISWA bank accounts as the newly-elected UISWA president.

Overt Act No. 114:  On or about January 29, 2010, defendant E. ROMERO directed a $3,000 payment from the UISWA Health and Welfare Trust Fund to IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, as rent for the Colton Building.

Overt Act No. 115:  On or about February 5, 2010, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,500 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 116:  On or about February 19, 2010, defendants J.S. ROMERO and J.J. ROMERO, each acting in their respective capacities as UISWA President and Secretary/Treasurer, knowingly and willfully failed to disclose on Form LM-3, which covered calendar year 2009, deposits totaling approximately $102,129 into, and withdrawals totaling approximately $102,164 from, UISWA's California Bank and Trust account XXXXXX4811.

Overt Act No. 117:  On or about February 23, 2010, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,500 that was debited from the UISWA Health and Welfare Trust Fund as a salary at defendant J.J. ROMERO's direction.

Overt Act No. 118:  On or about February 26, 2010, defendant E. ROMERO established account XXXXXX0815 at Community Bank in the name of the UISWA to receive payments from S.D. and K.D. that were

1  deducted from contributions for benefits under the UISWA Health and
2  Welfare Plan.

3      Overt Act No. 119:  On or about March 8, 2010, defendant J.J.
4  ROMERO, despite having no position of employment with the management
5  of the UISWA Health and Welfare Trust, received $2,500 that was
6  debited from the UISWA Health and Welfare Trust Fund as a salary at
7  defendant J.J. ROMERO's direction.

8      Overt Act No. 120:  On or about April 12, 2010, defendant E.
9  ROMERO established the UISWA Citibank Account to receive payments
10 from S.D. and K.D. that were deducted from contributions for benefits
11 under the UISWA Health and Welfare Plan.

12     Overt Act No. 121:  On or about August 10, 2010, defendant E.
13 ROMERO established account XXXXXX7199 at Compass Bank in the name of
14 the UISWA to receive payments from S.D. and K.D. that were deducted
15 from contributions for benefits under the UISWA Health and Welfare
16 Plan.

17     Overt Act No. 122:  On or about August 31, 2012, defendant E.
18 ROMERO lost a DOL-supervised election to retain her position as the
19 UISWA's president, but did not relinquish her position and allow the
20 UISWA's president-elect to be installed.

21     Overt Act No. 123:  On or about October 25, 2012, defendant E.
22 ROMERO established account number XXXXXX077 at Citibank as a UISWA
23 Health and Welfare Trust Fund Reserve Account ("Citibank Reserve
24 Fund").

25     Overt Act No. 124:  On or about November 1, 2012, defendant E.
26 ROMERO established account number XXXX935 at Provident Bank as a
27 UISWA Health and Welfare Trust Fund Reserve Fund ("Provident Reserve
28 Fund").

Overt Act No. 125:  On or about November 6, 2012, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO from the Citibank Reserve Fund.

Overt Act No. 126:  On or about November 29, 2012, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO from the Citibank Reserve Fund.

Overt Act No. 127:  On or about December 14, 2012, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO from the Citibank Reserve Fund.

Overt Act No. 128:  On or about December 27, 2012, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO from the Citibank Reserve Fund.

Overt Act No. 129:  On or about January 9, 2013, defendant J.S. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $1,000 from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO from the Citibank Reserve Fund.

Overt Act No. 130:  On or about January 9, 2013, defendant J.S. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $1,000 from the UISWA

Health and Welfare Trust Fund, which was paid by defendant E. ROMERO from the Provident Reserve Fund.

Overt Act No. 131:  On or about January 31, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO from the Citibank Reserve Fund.

Overt Act No. 132:  On or about February 8, 2013, defendant E. ROMERO instructed Citibank to add defendant D. ROMERO as a second signatory to the Citibank Reserve Fund, and defendant D. ROMERO completed the necessary forms with Citibank to become a signatory to the Citibank Reserve Fund.

Overt Act No. 133:  On or about February 11, 2013, defendant J.S. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $1,200 from the UISWA Health and Welfare Trust Fund, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 134:  On or about February 11, 2013, defendant E. ROMERO drove UISWA Trustee R.O. to Provident Bank, where R.O. became the second signatory on the Provident Reserve Fund.

Overt Act No. 135:  On or about February 14, 2013, defendant J.S. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $300 from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 136:  On or about February 19, 2013, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,000

from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 137:   On or about March 1, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 138:   On or about March 1, 2013, defendant J.S. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $200 from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 139:   On or about March 5, 2013, defendant J.S. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,000 from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 140:   On or about March 6, 2013, defendant J.J. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $2,000 from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 141:   On or about March 15, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

1    Overt Act No. 142:  On or about April 9, 2013, IMP, which was

2  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received

3  $2,500 from the UISWA Health and Welfare Trust Fund as rent for the

4  Colton Building, which was paid by defendants E. ROMERO and D. ROMERO

5  from the Citibank Reserve Fund.

6    Overt Act No. 143:  On or about May 1, 2013, IMP, which was

7  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received

8  $2,500 from the UISWA Health and Welfare Trust Fund as rent for the

9  Colton Building, which was paid by defendants E. ROMERO and D. ROMERO

10  from the Citibank Reserve Fund.

11    Overt Act No. 144:  On or about May 12, 2013, instead of using

12  the UISWA's assets to fund the benefits contribution to the UISWA

13  Health and Welfare Trust Fund, defendants E. ROMERO and D. ROMERO

14  paid $1,570.46 from the Citibank Reserve Fund to Benefits

15  Administration & Insurance Services, LLC, to pay for the health,

16  dental, and vision insurance premiums for E. ROMERO, D. ROMERO,

17  R.A.R., and R.R.

18    Overt Act No. 145:  On or about May 29, 2013, defendant E.

19  ROMERO retained H.S.W., and with the co-signature of defendant D.

20  ROMERO, paid H.S.W. $2,000 from the Provident Reserve Fund for legal

21  services unrelated to the administration and management of the UISWA

22  Health and Welfare Trust Fund.

23    Overt Act No. 146:  On or about June 4, 2013, defendants E.

24  ROMERO and D. ROMERO paid H.S.W. $2,000 from the Provident Reserve

25  Fund for legal services unrelated to the administration and

26  management of the UISWA Health and Welfare Trust Fund.

27    Overt Act No. 147:  On or about June 5, 2013, IMP, which was

28  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received

$2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 148: On or about June 30, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 149: On or about July 9, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $6,000 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 150: On or about August 13, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $5,000 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 151: On or about August 15, 2013, instead of using the UISWA's assets to fund the benefits contribution to the UISWA Health and Welfare Trust Fund, defendants E. ROMERO and D. ROMERO paid $1,158.46 from the Citibank Reserve Fund to Benefits Administration & Insurance Services, LLC, to pay for the health, dental, and vision insurance premiums for E. ROMERO, D. ROMERO, R.A.R., and R.R.

Overt Act No. 152: On or about August 23, 2013, defendants E. ROMERO and D. ROMERO paid H.S.W. $2,000 from the Citibank Reserve

Fund for legal services unrelated to the administration and management of the UISWA Health and Welfare Trust Fund.

Overt Act No. 153:  On or about September 23, 2013, defendants E. ROMERO and D. ROMERO paid H.S.W. $2,000 from the Citibank Reserve Fund for legal services unrelated to the administration and management of the UISWA Health and Welfare Trust Fund.

Overt Act No. 154:  On or about September 23, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 155:  On or about October 22, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 156:  On or about December 13, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $5,000 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 157:  On or about December 19, 2013, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $1,000 from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO and co-signed by R.O..

Overt Act No. 158:  On or about December 20, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO,

35

received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 159:  On or about December 27, 2013, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 160:  On or about January 8, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 161:  On or about January 18, 2014, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $700 from the UISWA Health and Welfare Trust Fund, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 162:  On or about January 23, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO and co-signed by R.O.

Overt Act No. 163:  On or about January 31, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendant E. ROMERO and co-signed by R.O.

1    Overt Act No. 164:  On or about February 6, 2014, IMP, which was

2  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received

3  $2,500 from the UISWA Health and Welfare Trust Fund as rent for the

4  Colton Building, which was paid by defendant E. ROMERO and co-signed

5  by R.O.

6    Overt Act No. 165:  On or about February 10, 2014, IMP, which

7  was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO,

8  received $2,500 from the UISWA Health and Welfare Trust Fund as rent

9  for the Colton Building, which was paid by defendants E. ROMERO and

10  D. ROMERO from the Citibank Reserve Fund.

11    Overt Act No. 166:  On or about February 10, 2014, defendant D.

12  ROMERO, despite having no position of employment with the management

13  of the UISWA Health and Welfare Trust, received $1,000 from the UISWA

14  Health and Welfare Trust Fund, which was paid by defendants E. ROMERO

15  and D. ROMERO from the Citibank Reserve Fund.

16    Overt Act No. 167:  On or about February 22, 2014, defendants E.

17  ROMERO and D. ROMERO paid $1,000 from the Citibank Reserve Fund to

18  R.A.R., who had no position of employment with the administration and

19  management of the UISWA Health and Welfare Trust Fund.

20    Overt Act No. 168:  On or about February 27, 2014, IMP, which

21  was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO,

22  received $2,500 from the UISWA Health and Welfare Trust Fund as rent

23  for the Colton Building, which was paid by defendants E. ROMERO and

24  D. ROMERO from the Citibank Reserve Fund.

25    Overt Act No. 169:  On or about March 10, 2014, IMP, which was

26  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received

27  $2,500 from the UISWA Health and Welfare Trust Fund as rent for the

28

Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 170:  On or about March 10, 2014, defendants E. ROMERO and D. ROMERO paid $1,300 from the Citibank Reserve Fund to R.R., who had no position of employment with the administration and management of the UISWA Health and Welfare Trust Fund.

Overt Act No. 171:  On or about March 10, 2014, defendant D. ROMERO, despite having no position of employment with the management of the UISWA Health and Welfare Trust, received $1,300 from the UISWA Health and Welfare Trust Fund, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 172:  On or about March 15, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $2,500 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 173:  On or about March 15, 2014, defendants E. ROMERO and D. ROMERO paid $900 from the Citibank Reserve Fund to R.A.R., who had no position of employment with the administration and management of the UISWA Health and Welfare Trust Fund.

Overt Act No. 174:  On or about April 4, 2014, instead of using the UISWA's assets to fund the benefits contribution to the UISWA Health and Welfare Trust Fund, defendants E. ROMERO and D. ROMERO paid $1,280.36 from the Citibank Reserve Fund to Benefits Administration & Insurance Services, LLC, to pay for the health, dental, and vision insurance premiums for E. ROMERO, D. ROMERO, R.A.R., and R.R.

Overt Act No. 175:  On or about April 10, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $30,000 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 176:  On or about April 11, 2014, defendants E. ROMERO and D. ROMERO paid $1,300 from the Citibank Reserve Fund to R.A.R., who had no position of employment with the administration and management of the UISWA Health and Welfare Trust Fund.

Overt Act No. 177:  On or about April 11, 2014, defendants E. ROMERO and D. ROMERO paid $1,300 from the Citibank Reserve Fund to R.R., who had no position of employment with the administration and management of the UISWA Health and Welfare Trust Fund.

Overt Act No. 178:  On or about May 8, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $30,000 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 179:  On or about May 9, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $30,000 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

Overt Act No. 180:  On or about May 10, 2014, IMP, which was managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received $30,000 from the UISWA Health and Welfare Trust Fund as rent for the Colton Building, which was paid by defendants E. ROMERO and D. ROMERO from the Citibank Reserve Fund.

1   <u>Overt Act No. 181:</u>  On or about June 3, 2014, IMP, which was
2   managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received
3   $10,000 from the UISWA Health and Welfare Trust Fund as rent for the
4   Colton Building, which was paid by defendants E. ROMERO and D. ROMERO
5   from the Citibank Reserve Fund.

6   <u>Overt Act No. 182:</u>  On or about June 16, 2014, IMP, which was
7   managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received
8   $2,500 from the UISWA Health and Welfare Trust Fund as rent for the
9   Colton Building, which was paid by E. ROMERO and D. ROMERO
10  from the Citibank Reserve Fund.

11  <u>Overt Act No. 183:</u>  On or about July 15, 2014, IMP, which was
12  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received
13  $2,500 from the UISWA Health and Welfare Trust Fund as rent for the
14  Colton Building, which was paid by defendants E. ROMERO and D. ROMERO
15  from the Citibank Reserve Fund.

16  <u>Overt Act No. 184:</u>  On or about August 12, 2014, IMP, which was
17  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received
18  $3,000 from the UISWA Health and Welfare Trust Fund as rent for the
19  Colton Building, which was paid by defendants E. ROMERO and D. ROMERO
20  from the Citibank Reserve Fund.

21  <u>Overt Act No. 185:</u>  On or about August 12, 2014, IMP, which was
22  managed by defendants J.S. ROMERO, E. ROMERO, and D. ROMERO, received
23  $3,000 from the UISWA Health and Welfare Trust Fund as rent for the
24  Colton Building, which was paid by defendants E. ROMERO and D. ROMERO
25  from the Citibank Reserve Fund.

26
27
28

COUNTS TWO THROUGH TWENTY-NINE

[18 U.S.C. §§ 669; 2(a)]

23.   The Grand Jury hereby realleges and incorporates by reference paragraphs one through eighteen of this Indictment as though fully set forth herein.

24.   On or about the dates set forth below, in San Bernardino County, within the Central District of California, and elsewhere, defendants JOHN S. ROMERO, also known as ("aka") "John Romero, Sr." ("J.S. ROMERO"), JOHN J. ROMERO, aka "John Romero, Jr." ("J.J. ROMERO"), EVELYN ROMERO ("E. ROMERO"), and DANAE ROMERO ("D. ROMERO"), each aiding and abetting the other, knowingly, willfully, and without authority, embezzled, stole, converted to the use of any person other than the rightful owner, and intentionally misapplied, the following moneys, funds, property, and assets, with a value in excess of $100, of the United Industrial and Service Workers of America Health and Welfare Trust Fund, a health care benefit program, as defined by Title 18, United States Code, Section 24(b), by diverting the following amounts to the following payees:

| Count | Date | Payee | Amount | Account Number |
|-------|------|-------|--------|----------------|
| TWO | 1/22/2010 | J.J. ROMERO | $2,500 | Bank of America XXXXX-X8625 |
| THREE | 2/5/2010 | J.J. ROMERO | $2,500 | Bank of America XXXXX-X8625 |
| FOUR | 2/23/2010 | J.J. ROMERO | $2,500 | Bank of America XXXXX-X8625 |
| FIVE | 3/8/2010 | J.J. ROMERO | $2,500 | Bank of America XXXXX-X8625 |
| SIX | 5/12/2013 | Benefits Administration & Insurance | $1,570.46 | Citibank XXXXX0077 |

| | | Services, LLC | | |
|---|---|---|---|---|
| SEVEN | 5/29/2013 | H.S.W. | $2,000 | Provident XXX8935 |
| EIGHT | 6/4/2013 | H.S.W. | $2,000 | Provident XXX8935 |
| NINE | 6/5/2013 | Interprise Management Properties, LLC | $2,500 | Citibank XXXXX0077 |
| TEN | 6/30/2013 | Interprise Management Properties, LLC | $2,500 | Citibank XXXXX0077 |
| ELEVEN | 8/15/2013 | Benefits Administration & Insurance Services, LLC | $1,158.46 | Citibank XXXXX0077 |
| TWELVE | 8/23/2013 | H.S.W. | $2,000 | Citibank XXXXX0077 |
| THIRTEEN | 9/23/2013 | H.S.W. | $2,000 | Citibank XXXXX0077 |
| FOURTEEN | 2/10/2014 | D. ROMERO | $1,000 | Citibank XXXXX0077 |
| FIFTEEN | 2/22/2014 | R.A.R. | $1,000 | Citibank XXXXX0077 |
| SIXTEEN | 3/10/2014 | R.R. | $1,300 | Citibank XXXXX0077 |
| SEVENTEEN | 3/10/2014 | D. ROMERO | $1,300 | Citibank XXXXX0077 |
| EIGHTEEN | 3/15/2014 | R.A.R. | $900 | Citibank XXXXX0077 |
| NINETEEN | 3/18/2014 | D. ROMERO | $500 | Citibank XXXXX0077 |
| TWENTY | 3/18/2014 | E. ROMERO | $1,000 | Citibank XXXXX0077 |
| TWNEY-ONE | 3/27/2014 | E. ROMERO | $1,000 | Provident Bank XXX8935 |
| TWENTY-TWO | 4/4/2014 | Benefits Administration & Insurance Services, LLC | $1,280.36 | Citibank XXXXX0077 |
| TWENTY-THREE | 4/9/2014 | E. ROMERO | $1,100 | Provident Bank XXX8935 |
| TWENTY-FOUR | 4/10/2014 | Interprise Management Properties, LLC | $30,000 | Citibank XXXXX0077 |

| | | | | |
|---|---|---|---|---|
| TWENTY-FIVE | 4/11/2014 | R.R. | $1,300 | Citibank XXXXX0077 |
| TWENTY-SIX | 4/11/2014 | R.A.R. | $1,300 | Citibank XXXXX0077 |
| TWENTY-SEVEN | 5/8/2014 | Interprise Management Properties, LLC | $30,000 | Citibank XXXXX0077 |
| TWENTY-EIGHT | 5/9/2014 | Interprise Management Properties, LLC | $30,000 | Citibank XXXXX0077 |
| TWENTY-NINE | 5/10/2014 | Interprise Management Properties, LLC | $30,000 | Citibank XXXXX0077 |

43

COUNT THIRTY

[18 U.S.C. §§ 1001(a)(3); 2(a)]

25.   The Grand Jury hereby realleges and incorporates by reference paragraphs one through eighteen of this Indictment as though fully set forth herein.

26.   On or about February 19, 2010, in San Bernardino County, within the Central District of California, in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the United States Department of Labor, defendants JOHN S. ROMERO, also known as ("aka") "John Romero, Sr." ("J.S. ROMERO"), and JOHN J. ROMERO, aka "John Romero, Jr." ("J.J. ROMERO"), each aiding and abetting the other, knowingly and willfully made and used, and caused to be made and used, a false document and writing, namely, a Form LM-3 Labor Organization Annual Report ("Form LM-3") for the United Industrial Services Workers of America ("UISWA") for the year 2009, knowing that the document and writing contained a materially false, fictitious, and fraudulent statement and representation, in that defendants J.S. ROMERO and J.J. ROMERO represented and caused to be represented that Statement A of that Form LM-3, filed with the Department of Labor, Employment Standards Administration, Office of Labor-Management Standards, was true, correct, and complete in reporting the UISWA's receipts and disbursements for 2009.   In truth and in fact, as defendants J.S. ROMERO and J.J. ROMERO then knew, that Statement A of that Form LM-3 failed to disclose that the UISWA maintained a separate bank account at California Bank and Trust account number XXXXXX4811 that had annual deposits of $102,129.40 and annual withdrawals of $102,164.65,

which were in addition to the receipts and disbursements reported on Form LM-3.

COUNTS THIRTY-ONE THROUGH THIRTY-NINE

[29 U.S.C. § 501(c)]

27. The Grand Jury hereby realleges and incorporates by reference paragraphs one, four, five, and six of this Indictment as though fully set forth herein.

28. On or about the dates set forth below, in San Bernardino County, within the Central District of California, and elsewhere, defendant EVELYN ROMERO, while an officer of the United Industrial and Service Workers of America ("UISWA"), knowingly and with intent to defraud, embezzled, stole, and unlawfully and willfully abstracted and converted to her own use and the use of others, the following moneys, funds, property, and assets of the UISWA without authorization from the UISWA Board, by diverting the following amounts from the following UISWA bank accounts:

| Count | Date | Amount | Account Number |
|-------|------|--------|----------------|
| THIRTY-ONE | 10/25/2011 | $186.04 | UISWA Citibank Account Number XXXXX0815 |
| THIRTY-TWO | 1/17/2013 | $125 | UISWA Provident Bank Account Number XXXX0424 |
| THIRTY-THREE | 4/10/2013 | $1,000 | UISWA Provident Bank Account Number XXXX0424 |
| THIRTY-FOUR | 6/12/2013 | $1,000 | UISWA Citibank Account Number XXXXX0815 |
| THIRTY-FIVE | 7/19/2013 | $500 | UISWA Citibank Account Number XXXXX0815 |
| THIRTY-SIX | 1/27/2014 | $148.24 | UISWA Citibank Account Number XXXXX0815 |
| THIRTY-SEVEN | 1/29/2014 | $222.72 | UISWA Citibank Account Number XXXXX0815 |

| THIRTY-EIGHT | 3/14/2014 | $700 | UISWA Provident Bank Account Number XXXX0424 |
| THIRTY-NINE | 7/23/2014 | $400 | UISWA Citibank Account Number XXXXX0815 |

47

COUNT FORTY

[29 U.S.C. §§ 504(a),(b)]

29.    The Grand Jury hereby realleges and incorporates by reference paragraphs one and four of this Indictment as though fully set forth herein.

30.    Beginning on or about September 25, 2012, and continuing to on or about July 23, 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendant EVELYN ROMERO ("E. ROMERO"), while an officer of the United Industrial and Service Workers of America ("UISWA"), knowingly and willfully permitted a person who had been convicted of a violation of narcotics laws within the previous 13 years, that is, Raymond Anthony Romero,

///

///

///

1   to serve as an officer, trustee, employee, and representative in any

2   capacity of the UISWA, in that defendant E. ROMERO hired, retained,

3   and employed Raymond Anthony Romero to serve in the UISWA.

4

5                                        A TRUE BILL

6

7                                        _/S/_____
                                         Foreperson

8   STEPHANIE YONEKURA
    Acting United States Attorney
9

10  *(signature)* for:

11  ROBERT E. DUGDALE
    Assistant United States Attorney
12  Chief, Criminal Division

13  JOSEPH B. WIDMAN
    Assistant United States Attorney
14  Chief, Riverside Branch Office

15  JAY H. ROBINSON
    Assistant United States Attorney
16  Deputy Chief, Riverside Branch
    Office

17

18

19

20

21

22

23

24

25

26

27

28